T.C. Summary Opinion 2006-144

UNITED STATES TAX COURT


ANTHONY MUHAMMAD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16305-05S.                Filed September 13, 2006.


Anthony Muhammad, pro se.

<u>Thomas M. Rath</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $6,489 in petitioner's 2003 Federal income tax and an accuracy-related penalty of $1,297.80 under section 6662(a). After concessions by both parties,[2] the issues for decision are: (1) Whether petitioner is entitled to claimed itemized deductions for charitable contributions totaling $8,500 for 2003 and (2) whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a) as determined by respondent.

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Philadelphia, Pennsylvania.

Petitioner's tax return for 2003 was prepared by Chester Muhammad. On his return, petitioner reported an adjusted gross income of $34,775. Petitioner deducted charitable contributions totaling $8,500 in 2003.

Petitioner had a checking account during 2003. However, petitioner made no contributions by check and presented no canceled checks or receipts to establish his alleged contributions. Petitioner offered two documents to substantiate the purported contributions at trial. One is an undated and

---

[2] The parties have agreed that the amount disallowed for Schedule C expenses is $5,280, comprising $2,880 for car and truck expenses, $1,600 for depreciation, and $800 for other expenses. Petitioner also conceded that he is not entitled to an education credit and that his filing status is single for 2003.

unsigned list of contributions totaling $8,500 written on what appears to be Muhammad Mosque No. 12 letterhead. The other is a faxed letter and a copy of the same list of contributions. The letter was purportedly sent from the former secretary of the Muhammad Mosque No. 12, Laverne Muhammad, on May 19, 2006, a few weeks before trial. May 19, 2006, was the same date respondent received the list for the first time. The contributions shown on these documents are as follows:

| | |
|---|---|
| SAVIOURS' DAY (FEB) | $2,500.00 |
| NO.2 POOR CHARITY | $2,000.00 |
| OBLIGATORY CHARITY | $1,800.00 |
| MOSQUE NO 12 BLDG FUND | $1,195.00 |
| LOCAL MINISTER CHARITY | $705.00 |
| LOCAL CHARITY | $195.00 |
| 3 YEAR ECONOMIC PLAN | $105.00 |
| | $8,500.00 |

These documents show neither the dates nor the amounts of the individual contributions.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other

information.  Petitioner has not met the requirements of section

7491(a) because he has not met the substantiation requirements or

introduced credible evidence regarding the deductions at issue.

1.    Charitable Deductions

Deductions are strictly a matter of legislative grace and

the taxpayer bears the burden of proving entitlement to the

claimed deduction.  Rule 142(a); INDOPCO, Inc. v. Commissioner,

503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934).  Section 170(a) allows as a deduction any

charitable contribution the payment of which is made within the

taxable year.  Deductions for charitable contributions are

allowable only if verified under regulations prescribed by the

Secretary.  Sec. 170(a)(1).  In general, the regulations require

a taxpayer to maintain for each contribution one of the

following:  (1) A canceled check; (2) a receipt from the donee;[3]

or, in the absence of a check or receipt, (3) other reliable

written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Section

1.170A-13(a)(2)(i), Income Tax Regs., provides special rules to

determine the reliability of records on the basis of all the

facts and circumstances of the particular case and further

provides factors to consider in making this determination,

including:  (1) Whether the writing that evidences the

---

[3] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.

Any charitable contribution of more than $250 must further be substantiated by "a contemporaneous written acknowledgment of the contribution by the donee organization". Sec. 170(f)(8). "Separate contributions of less than $250 are not subject to the requirements of section 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more." Sec. 1.170A-13(f)(1), Income Tax Regs.

Petitioner testified that because he had made all of his contributions in cash to Muhammad Mosque No. 12, there were no canceled checks. Petitioner offered no evidence of the specific dates and amounts of the contributions. Petitioner claimed that he had been given receipts for each contribution made; however, he failed to keep them because he knew he would receive a statement at the end of the year. As previously discussed, the only documentation that petitioner offered to substantiate his charitable contributions was an undated list and a recently faxed copy thereof from the Muhammad Mosque No. 12. Most of the amounts shown on the documents that petitioner submitted exceed $250. Petitioner testified that the amounts shown on the documents are totals and that his contributions were made at various times and in various amounts during the year, but there

is nothing in the record regarding the amounts or dates of the individual contributions that comprise those amounts.

We find that petitioner failed to provide reliable evidence of his purported contributions and failed to meet his burden of proof.  We hold that respondent's determinations disallowing petitioner's claimed charitable contribution deductions are sustained.

2.    Section 6662(a)

With respect to the accuracy-related penalty under section 6662(a), the Commissioner has the burden of production.  Sec. 7491(c).  To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets his burden of production, the taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect.  Id. at 447.

Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return due to negligence or disregard of rules or regulations.  Sec. 6662(b)(1).  For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes any careless, reckless, or intentional

disregard." Sec. 6662(c). "Negligence" also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b), Income Tax Regs.

An accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); see Higbee v. Commissioner, supra at 448. This determination is made based on all the relevant facts and circumstances. Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant." Higbee v. Commissioner, supra at 448-449.

Petitioner has failed to keep or produce adequate records. Respondent has provided sufficient evidence to meet his burden of production. Petitioner has not produced evidence to prove that respondent's determination of negligence is incorrect. We hold that petitioner is liable for the accuracy-related penalty under section 6662.

To reflect the foregoing,

Decision will be entered

under Rule 155.